
1  Samantha Swanson, SBN 286954
2  *sswanson@adamsferrone.com*
   **ADAMS, FERRONE & FERRONE**
3  4333 Park Terrace Drive, Suite 200
4  Westlake Village, California 91361
   Telephone: (805) 373-5900
5  Facsimile:  (818) 874-1382
6
7  Attorneys for Plaintiff,
   Daniel Salazar
8
9
10                UNITED STATES DISTRICT COURT
11                CENTRAL DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| DANIEL SALAZAR,<br><br>             Plaintiff,<br><br>   vs.<br><br>RAFAELA T. KING, CITY OF COMPTON, and DOES 1 THROUGH 10, inclusive,<br><br>             Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DELCARATORY RELIEF ALLEGING VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** (29 U.S.C. §§ 201 et seq.)<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3), as the controversy arises under "the Constitution, laws or treatises of the United States."  Specifically, the claim arises under the Fair Labor Standard Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA").

## VENUE

2. Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391(b) because the acts, events, or omissions giving rise to the claim occurred in this District.

## PARTIES

3. Plaintiff is a United States citizen and is currently employed by the Defendant City of Compton.

4. Defendant Rafaela T. King is employed by the Defendant City of Compton as the City Controller.

5. Defendant City of Compton (City) is a political subdivision of the State of California. Defendant is, and at all relevant times was, the employer of Plaintiffs. Defendant is an employer whose employees are engaged in commerce within the meaning of 29 U.S.C. §207(a) and as defined in 29 U.S.C. §§ 203(d) and 203(e)(2)(c).

## CLAIM FOR RELIEF

6. Paragraphs 1 through 5 are incorporated herein.

7. Defendants have willfully violated, and are willfully violating, the compensation requirements of the FLSA, 29 U.S.C. Section 207, by employing Plaintiff, for weeks longer than the applicable maximum weekly hours established by Section 207 of the FLSA, without properly compensating him for work performed in excess of the above described hours at rates not less than one and one-half times his regular rate of pay. Plaintiff is a non-exempt rank and file employee who is regularly suffered or permitted to work in excess of the applicable overtime threshold every work period, but does not receive compensation for all such time worked at the rate of one and one-half times his regular rate of pay from Defendants.

8. Defendants have acknowledged this mistake, but have refused to correct the matter. Not only are Defendants not paying for all hours worked above

the overtime threshold, but based upon information and belief, Defendants do not include all forms of compensation in its calculation of the Plaintiff's regular rate of pay, all in violation of 29 U.S.C. Section 207, including but not limited to: the value of medical contributions made to and on behalf of Plaintiff, as well as the value of medical opt out money; bilingual pay, as well as all forms of specialty pay and education pay, as well as all other remuneration.

9. Plaintiff must be paid compensation for overtime work pursuant to the provisions of Section 7 of the Fair Labor Standards Act, 29 U.S.C. § 207, et seq. ("FLSA"), and regulations of the United States Department of Labor, and state and local law, but they were not so paid.

10. Plaintiff has informed Defendants that the complained of policies and practices violate FLSA overtime provisions. However, Defendants have refused to alter said policies and practices. In fact, Defendants have refused to provide any meaningful response explaining the rationale and/or defense to said illegal practices. Rather, Defendants have maintained the illegal practice.

11. Defendants knew or should have known of their obligation to pay overtime compensation to Plaintiff, but nevertheless failed to honor that obligation.

12. Defendants acted voluntarily and deliberately in maintaining an intentional practice of failing to compensate Plaintiff in accordance with the FLSA.

13. Plaintiff has no administrative remedies to exhaust, and in this matter is not required to.

14. As a direct and proximate result of their failure and refusal to pay such compensation, Defendants have violated Title 29 U.S.C. §207, et seq.

15. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged in an amount according to proof at trial including, but not limited to, a sum equivalent to the unpaid overtime compensation as required and such other and further damages as may be shown.

16. Plaintiff is also entitled to liquidated damages in a sum equal to the

amount of the unpaid compensation due and owing pursuant to 29 U.S.C. §216(d).

17. Plaintiff is also entitled to recovery of reasonable attorney fees and costs incurred in pursuit of this action pursuant to 29 U.S.C. §216(b).

18. Doing all things described and alleged, Defendants have deprived, and continue to deprive Plaintiff of his rights, privileges and immunities which were clearly established at the time the Defendants acted herein and the Defendants knew or should have known that their conduct would violate these rights, privileges and immunities.  The Defendants acted with the intent to deprive the Plaintiff of his rights, privileges, and immunities by purposely and intentionally refusing and failing to pay or compensate Plaintiff for hours he worked.

///
///
///
///
///
///
///
///

## **PRAYER**

**WHEREFORE**, Plaintiffs pray for Judgment as follows:

1. All actual, consequential, liquidated and incidental losses and damages, according to proof;
2. Such other damages as may be allowed in accordance with the Federal Rules of Civil Procedure, Rule 54(c), and 29 U.S.C. §216 according to

        proof at trial;

3.   Attorney fees pursuant to 29 U.S.C. §216 and costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure;

4.   Any and all other relief, including equitable relief, as the Court may deem just and proper.

                                      Respectfully submitted,

Date: September 19, 2019       **ADAMS, FERRONE & FERRONE**

                                       /s/ Samantha Swanson
                                    Samantha Swanson, Esq.
                                    Attorneys for Plaintiff,
                                    DANIEL SALAZAR

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial under F.R. Civ. P., Rule 38 and E.D. Local Rule 201.

                                      Respectfully submitted,

Date: September 19, 2019       **ADAMS, FERRONE & FERRONE**

                                       /s/ Samantha Swanson
                                    Michael A. McGill, Esq.
                                    Attorneys for Plaintiffs,
                                    DANIEL SALAZAR